### Stephen Matthews v. The People's Fire Ins. Co. et al.

1. TRESPASS—*By Agents of Corporations.*—Where an action is brought against an insurance company for trespasses committed by its agents, the burden of proof is upon the plaintiff to show that the company authorized, countenanced or ratified the acts of the agent.

Trespass, to personal property. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

#### STATEMENT OF THE CASE.

This was an action of trespass.

In July, 1889, Stephen Matthews had a tailor shop and store at 202 La Salle street, Chicago; his stock and fixtures were worth about $7,000. On this stock he had three insurance policies, originally for $2,000 each, one in the People's Insurance Company, of New York, one in the Rochester German Insurance Company, of Rochester, New York, and the other in the St. Paul Fire and Marine Insurance Company, of St. Paul. These policies were all issued to Stephen Matthews through A. Loeb & Son, sole agent for said companies in Chicago.

On Sunday, July 28, 1889, a fire occurred in the store. On the following Monday steps were taken to ascertain the loss and adjust the same, Matthews selecting William Reed for his adjuster, and Mr. Solomon being selected as the ad-

juster for the companies by A. Loeb & Son, agent of the companies.

There was delay in adjusting the loss and no business was transacted at the store up to the Friday noon following the fire. Matthews, Reed, Solomon and others were back and forth in the store negotiating in regard to the loss, etc., Solomon acting for the companies during that time. Mr. Matthews had possession of the store as theretofore. On Friday following the fire, about noon, Matthews and his son, John, left the store to get their lunch, the son propping the doors from the inside on account of the lock having been broken at the time of the fire, and crawling out through the transom, after having propped the doors. When Matthews and his son returned from lunch they found the doors open, and a man from the Fire Insurance Patrol in charge of the store.

Mr. Matthews, the plaintiff, inquired of the man what he was doing there, and he stated that he was a fire patrolman, and was sent there by the captain of the fire patrol. Matthews then went to Captain Shepherd, chief of the fire patrol, and inquired of him by whose authority he opened the place and took possession, to which, Matthews and Reed state, Captain Shepherd replied, " The companies' agent, Mr. Solomon, told me to go there and take possession." Matthews then went back to his store and found the fire patrolman still there; he followed Matthews around and told him that he must not lay hands on anything, and Matthews says he was not able to put this man out, but it does not appear that he made any attempt to put or get the man out.

Matthews then went to Solomon, the adjuster for the insurance companies, and also to Mr. Loeb, the agent, and says he could get no satisfaction from either; that he asked Solomon for the stock, and he would give no answer; that he asked Mr. Loeb for the fixtures, some three weeks afterward, and was ordered out of his shop; that he (Matthews) saw Mr. Solomon several times afterward, but could get no satisfaction. Matthews states that Solomon told him that

he had authorized Shepherd to do as he, Shepherd, had done.

Reed, the adjuster for Matthews, testifies that he asked Solomon by what authority he ordered the fire patrol to break open Matthews' store, and that he said: "That is my business. We have insurance on that stock."

Matthews never took possession of the store afterward, nor got any of his goods back, and made no attempt to do so other than the questioning above set forth. Matthews says that neither of the companies offered to "return" his stock or fixtures; what became of the same does not appear.

Prentiss, Hall & Gregg, attorneys for appellant.

Paddock, Wright & Billings, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

Appellant failed to show that any of the defendants authorized, countenanced, or ratified the entrance or stay of the patrol in appellant's premises; on the contrary, appellant's witness, the superintendent of the patrol, testified that he of his own motion put a man in the store.

Chapter 142 of the Revised Statutes, "An Act to enable boards of underwriters incorporated by or under the laws of the State of Illinois to establish and maintain a fire patrol," approved March 28, 1874, in force July 1, 1874, in its first section provides: "That boards of underwriters incorporated by or under the laws of the State of Illinois, shall have power to provide suitable rooms for the accommodation of a fire patrol and also to provide a patrol of men and a competent person to act as superintendent to discover and prevent fires, with suitable apparatus to save and preserve property and life at and after a fire; and the better to enable them so to act with promptness and efficiency, full power is given such superintendent and such patrol to enter any building on fire, or which may be exposed or in danger of taking fire from other burning buildings, subject to the control of the

fire marshal of the city, and at once proceed to protect and endeavor to save the property therein and to remove such property, or any part thereof, from the ruins after the fire."

Plaintiff seems to have made no earnest effort to get the fire insurance patrol out of his store; nor is it evident that he desired so to do. He seems merely to have asked the adjuster for, and an agent of, one of the companies, why the patrol had placed a man in his store, and getting, as he says, no satisfaction, abandoned his store, fixtures and stock.

The judgment of the Circuit Court is affirmed.